# IN THE COURT OF APPEALS OF IOWA

No. 21-0441
Filed August 4, 2021

**IN THE INTEREST OF J.J.,**
**Minor Child,**

**J.J., Father,**
        Appellant,

**J.M., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Cherokee County, Mary L. Timko, Associate Juvenile Judge.

A mother and father separately appeal from the termination of their respective parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

T. Cody Farrens of Vriezelaar, Tigges, Edgington, Bottaro, Boden & Lessman, L.L.P., Sioux City, for appellant father.

Lisa K. Mazurek of Miller Miller Miller P.C., Cherokee, for appellant mother.

Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant Attorney General, for appellee State.

Lesley D. Rynell of the Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., Greer, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

A mother and father separately appeal from the termination of their respective parental rights to their child, J.J. On appeal, both challenge some of the statutory grounds authorizing termination and request additional time to work toward reunification. The mother also claims the Iowa Department of Human Services (DHS) failed to make reasonable efforts to facilitate reunification. And the father challenges the juvenile court's best-interest determination. We affirm as to both appeals.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020). Then we address any additional claims raised by the parents. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020).

Here, the juvenile court found grounds for termination under Iowa Code section 232.116(1)(d), (e), and (h) (2020). However, the parents only challenge the grounds for termination under paragraphs (d) and (e).[1] When the juvenile court terminates a parent's rights on multiple statutory grounds, we may affirm the termination on any one ground supported by the evidence. *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). Because neither parent challenges the statutory grounds under paragraph (h), we affirm on that ground as to both parents. *See J.P.*, 2020 WL 110425, at *1 ("Because the mother does not challenge the statutory grounds under paragraph (*l*), we find the statutory grounds authorizing termination satisfied under section 232.116(1)(*l*).").

However, with respect to the mother, we consider an additional step to determine whether the statutory ground is satisfied. The mother contends DHS failed to make reasonable efforts toward reunification by failing to provide her with a psychological evaluation as ordered by the juvenile court.[2] "[W]e consider any reasonable-efforts challenge when determining whether the State established the

---

[1] Within the father's request for additional time he attempts to also challenge paragraph (h), which he believes "requires a finding that the child could not be returned home within a reasonable period of time." However, paragraph (h) actually requires the court to determine the child could not safely return to the parent's home at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("Section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence that a child under the age of three who has been adjudicated a [child in need of assistance] and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody *at the time of the termination hearing*." (emphasis added)). Because the father does not claim J.J. could be safely returned to his care at the time of the termination hearing, we consider any claim to paragraph (h) waived.

With respect to paragraph (d), the State concedes on appeal that it failed to establish that ground for termination.

[2] In a dispositional order, the juvenile court ordered both parents to "complete psychological evaluations to be arranged with the assistance of [DHS]."

statutory grounds authorizing termination." *See In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). While DHS must make reasonable efforts toward reunification, "we expect parents to alert the court of the alleged deficiencies prior to the termination hearing." *Id.* (collecting cases).

> This requirement allows the court to take corrective action early on so that the case does not languish on and permanency can be reached within a reasonable time for the child[]. Doing so obviates the need for additional time to address service deficiencies only identified at the termination hearing when a family is on the precipice of termination.

*Id.*

Based on the record before us, we find the mother never alerted the juvenile court to DHS's alleged failure to arrange a psychological evaluation prior to the termination hearing. So her claim is not preserved for our consideration. Moreover, the mother's failure to obtain a psychological evaluation is of her own making. She was provided the opportunity to complete a psychological evaluation but did not complete the necessary preliminary steps even when providers made special accommodations for her. So she had her opportunity for an evaluation but her "own behavior prevented [her] from partaking in services to aid reuniting [her] with [her] family." *In re M.B.*, 595 N.W.2d 815, 818 (Iowa Ct. App. 1999).

Because we take no issue with the reasonable efforts made by DHS, we find the statutory ground, section 232.116(1)(h), satisfied as to the mother. We move to the next step in our analysis.

We next consider J.J.'s best interest. *See* Iowa Code § 232.116(2). Only the father challenges the juvenile court's best-interest determination, so we only address J.J.'s best interest with respect to the father. We "give primary

consideration to [J.J.]'s safety, to the best placement for furthering the long-term nurturing and growth of [J.J.], and to the physical, mental, and emotional condition and needs of [J.J.]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We agree with the juvenile court that termination is in J.J.'s best interest. The father argues not much will change in J.J.'s life if the court declined to terminate except the door to reunification would remain open. We think it best for that door to close. The father has a history of methamphetamine abuse. He struggles with his mental-health diagnoses of major depressive disorder, other stimulant dependence, panic disorder, generalized anxiety disorder, obsessive compulsive disorder, and post-traumatic stress disorder. The father is also homeless. J.J. is young and needs stability. The father cannot provide that stability now nor do we think he will be able to in the foreseeable future. Conversely, termination would provide stability through adoption, and his current placement is willing to permanently integrate him into the home. *See* Iowa Code § 232.116(2)(b). So we conclude termination is in J.J.'s best interest and move to the next step.

Neither parent asks us to apply a permissive exception in section 232.116(3) to preclude termination. So we do not consider these exceptions and move to the parents' final claim.

Finally, we address the parents' request for additional time to work toward reunification. The court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six month period." *Id.* § 232.104(2)(b).

The mother requests an additional six months so that she can complete the psychological evaluation previously ordered and receive services in-person as opposed to telehealth services. But we have no reason to believe the mother will now complete the necessary preliminary steps for the psychological evaluation when she has already failed to do so over the life of this case. Moreover, the mother also has a history of methamphetamine use, and she admits to methamphetamine use as recently as February 6, 2021. So we do not anticipate she will have a sustained period of sobriety sufficient for the court to be able to return J.J. to her care in six months' time. We decline to award her additional time.

With respect to the father, he points to no "specific factors, conditions, or expected behavioral changes" he expects will occur over the next six months as required by statute. *See id.* Instead, he argues granting additional time won't impact J.J. so he questions why not give him more time. The answer to this question is because we believe granting additional time would merely be delaying the inevitable and delay the permanency J.J. deserves now. So we decline to award the father additional time as well.

**AFFIRMED ON BOTH APPEALS.**